(85 South. 823)

ROANOKE GUANO CO. v. ROBERTSON.
(7 Div. 592.)

(Court of Appeals of Alabama.    Dec. 16, 1919.)

1. APPEAL AND ERROR ☞916(2) — PROPER PLEA PRESUMED TO HAVE BEEN FILED.

Though no plea appeared in the record, it will be presumed on appeal that a proper plea was filed to let in the evidence which the primary court admitted.

2. APPEAL AND ERROR ☞706(2)—OVERRULING OF MOTION FOR NEW TRIAL CANNOT BE REVIEWED, WHERE RECORD DID NOT CONTAIN IT.

An assignment of error complaining of the overruling of a motion for new trial cannot be considered, where the record did not contain the motion.

3. APPEAL AND ERROR ☞1011(1)—JUDGMENT ON CONFLICTING EVIDENCE NOT OPEN TO ATTACK.

Where the complaint was not questioned by demurrer, and it could not be said that the evidence, which was conflicting, did not tend to support its allegation, the judgment will not be disturbed on appeal.

Appeal from Circuit Court, Randolph County; S. L. Brewer, Judge.

Action by W. O. Robertson against the Roanoke Guano Company in assumpsit. Judgment for plaintiff, and defendant appeals. Affirmed.

The first count is for work and labor done. The second count states the contentions of the parties, and is as follows:

(2) The plaintiff claims of the defendant the further sum of $13.40, for that on the 2d day of December, 1915, defendant filed a suit in the circuit court of Randolph county in the name of T. M. McMurray; that the defendants owned and had the legal title to the note sued on in said cause; that said suit was in detinue against one E. Trammell; that defendant recovered possession of the property sued for in said suit: that execution has been issued against the defendant in said suit for the cost in said suit, and returned "No property found"; that execution has been also issued against T. M. McMurray for the cost in said suit, and returned "No property found"; that the cost in said detinue suit due said plaintiff is in the amount above stated; that the cost as above stated has never been paid; and that the defendant was the beneficiary in said suit, and is due to pay the cost in said suit; hence, this suit.

Hooton & Vann, of Roanoke, for appellant.

The burden was on Robertson to make out the case as alleged, and he failed to do so. 105 Ala. 551, 17 South. 97; section 3637, Code 1907.

H. T. Burns and J. W. Overton, both of Wedowee, for appellee.

The court properly interpreted the evidence, and rendered a correct verdict. 14 Ala. 571; 15 Ala. 566.

MERRITT, J. [1] This was a suit to recover an amount claimed by the appellee as due him growing out of a certain detinue suit, wherein one McMurray was plaintiff and one Trammell was the defendant; the appellee's insistence being that the appellant under the facts in that case was the beneficiary and real plaintiff in the case; that McMurray was merely the nominal plaintiff, acting for and on account of the appellant here. The testimony tended to show that the appellant was the owner of the mortgage which was the foundation of the McMurray-Trammell suit; that it received the property recovered by said suit. The instant case was tried by the judge without a jury, and, while no plea appears in the record, the appellate court will presume the proper plea was filed to let in the evidence which the primary court admitted. 4 Mayfield Digest, 469.

[2] There are two assignments of error; the first being that the court erred in rendering judgment for the appellee, and, second, that the court erred in improperly refusing to grant the defendant's motion for a new trial. The defendant's motion for a new trial nowhere appears in the record, and there is nothing in the record upon which a consideration of the second assignment can be had.

[3] The second count of the complaint may have been subject to demurrer; but none were interposed, no plea was filed thereto, and we are not prepared to say but that the evidence tended to prove the allegations thereof. Anyway, there were conflicting tendencies of the evidence, and the trial judge had all the witnesses before him, and we cannot say that the record shows any reversible error.

Affirmed.